871 F.2d 1149
 276 U.S.App.D.C. 409
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Olufonso A. YUSSUFF, Appellant.
 No. 88-3012.
 United States Court of Appeals, District of Columbia Circuit.
 March 15, 1989.
 
 Before WALD, Chief Judge, MIKVA, Circuit Judge, and HAROLD H. GREENE,* District Judge, U.S. District Court for the D.C. Circuit.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that appellant's convictions be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Olufonso A. Yussuff appeals from two rulings by the district court: the first denying defendant's motion for mistrial following an attempted jury tampering incident and attendant publicity, and the second refusing to instruct the jury on entrapment as to the criminal charges against defendant Yussuff.
 
 
 5
 Appellant claims that the district court's refusal to declare a mistrial following an attempted jury tampering incident was error. That refusal has already been upheld in a prior decision of this court affirming the convictions of appellant's co-defendants. See United States v. Fafowora, No. 88-3011, slip op. at 8 (D.C.Cir. Jan. 13, 1989). Appellant urges that a newspaper article following the incident was an independent ground for mistrial. In Fafowora, this court held that, if the trial court questions the jurors, its appraisal of prejudice is to be accepted unless "manifestly unreasonable." Id. We find the trial court's appraisal fully reasonable here; it had not only questioned the jury after the attempted jury tampering, see id. at 7-8, but questioned them again, after the article appeared, as to whether they had seen or heard of any publicity about the case, and they said they had not. Trial Transcript ("Tr."), vol. XX at 3, 9. Thus, even if this single article could constitute prejudicial publicity, the trial court's failure to declare a mistrial was not error.
 
 
 6
 Appellant next claims that the district court's refusal to give an entrapment defense instruction to the jury in connection with the counts against him was error. An instruction is only required if there is sufficient evidence on the record for the jury to find entrapment. Matthews v. United States, 108 S.Ct. 883, 887 (1988), 56 U.S.L.W. 4183, 4184 (U.S. Feb. 23, 1988). Evidence that the government merely afforded an opportunity for commission of the crime, even supplying the contraband, does not by itself warrant an instruction. 108 S.Ct. at 888, 56 U.S.L.W. at 4185; Hampton v. United States, 425 U.S. 484, 488-90 (1976). In this circuit, the question is not submitted to the jury unless the defendant has shown "some evidence" that he was induced to commit the crime by a government agent--e.g. by persuasion, fraudulent representations (other than posturing as a criminal intent on committing a crime), threats, coercive tactics, harassment, promises of reward (other than the expected profits of such a crime), or pleas based on need, sympathy or friendship. United States v. Burkley, 591 F.2d 903, 912-914. In considering whether to give the instruction, the court must consider the evidence in the light most favorable to the defendant. Id. at 914.
 
 
 7
 Applying that standard generously to the record before us, and including favorable testimony by appellant that he himself contradicts, appellant's claim of inducement rests on the following: undercover policeman Detective Rawls told Fafowora to ride with him and have Yussuff follow them from the restaurant to the hotel and Yussuff overheard this (Tr. 4-35); Rawls told Yussuff to come into the hotel with them (Tr. 14-39, 14A-90); after Yussuff and Fafowora checked the hotel room and they all went back downstairs and got into Yussuff's car where the bag of money had been left, Yussuff started to move the car and Rawls told him not to (Tr. 4-43, 14A-93); Rawls told Yussuff to come up to the room with them a second time (Tr. 14A-32, 94); in the room Rawls said that if Yussuff left, he could not come back (Tr. 4-44); after Yussuff went downstairs anyway with the money and hung around, Rawls and Fafowora later caught up with him and Rawls said that it was not enough to just take the money back up to the room, that Yussuff had to come too, indicating that if Yussuff did not, the deal was off (Tr. 14-47); Yussuff discovered in the parking lot--for the first time--that he was involved in a drug deal (Tr. 14-48, 14A-37); Yussuff then took the money upstairs and, in the room, Rawls told Yussuff to count the money and he did (Tr. 14-49, 14A-38).
 
 
 8
 There is no evidence that Rawls or any other government agent persuaded, threatened or even discussed the drug deal with Yussuff. Yussuff did not testify that he was afraid not to do as Rawls directed. Indeed, Yussuff testified that he had heard Rawls and Fafowora discuss, when the three first went into the hotel, that they would frisk each other to make sure no one was carrying any weapons (Tr. 14A-91-92). There was evidence that Yussuff was reluctant to go up to the hotel room the third time, but apparently this was overcome by the intimation that the deal was off if Fafowora and Yussuff did not "move together." The threat of calling off a planned crime is not the kind of threat that constitutes inducement. The evidence, including appellant's testimony elicited by his own counsel, only supports the conclusion that Rawls was organizing the manner in which the "buy" was handled. Thus, the district court's ruling that there was no evidence that would allow it to give an entrapment instruction as to appellant (Tr. 16-55) was not error.
 
 
 9
 Appellant claims, in the alternative, that he was entitled to an entrapment defense instruction because he was entrapped by Fafowora who repeated Detective Rawl's inducements to him. In this circuit, inducement "by a private party does not qualify as entrapment even if the defendant was not predisposed to commit the crime prior to such pressure." Burkley at 911, n. 15. This circuit has recognized only one exception: inducement by a private party who was a government agent at the time of the inducement. United States v. Mayo, 498 F.2d 713, 716 (D.C.Cir.1974); Johnson v. United States, 317 F.2d 127, 128, 130-31 (D.C.Cir.1963). Fafowora was not a government agent at any time before appellant was arrested for the crimes for which he stands convicted. Therefore, no jury instruction on entrapment was required. Appellant's convictions are affirmed.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 294(d)